Benjamin M. Gipson (CA SBN: 222830)
ben.gipson@us.dlapiper.com
Hector E. Corea (CA SBN: 318971)
hector.corea@us.dlapiper.com
**DLA PIPER LLP**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel:  310.595.3022
Fax:  310.595.3300

Attorneys for Plaintiff
ALATUS AEROSYSTEMS, a
California Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALATUS AEROSYSTEMS, a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>MARIO VELAZQUEZ, an individual, and DOES 1 through 50, inclusive<br><br>          Defendants. | CASE NO.   19-cv-1869<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Misappropriation of Trade Secrets under the Defend Trade Secrets Act (18 U.S.C. §1836 *et seq.*)**<br><br>2. **Computer Fraud and Abuse Act (18 U.S.C. § 1030)**<br><br>3. **Breach of Fiduciary Duty of Loyalty**<br><br>4. **Breach of Contract**<br><br>5. **Failure to Use Ordinary Care and Diligence under Labor Code § 2854**<br><br>6. **Failure to Comply with Employer's Directions under Labor Code § 2856**<br><br>7. **Failure to Give Preference to Performance of Employer's Business under Labor Code § 2863** |

1

2

        **8.**  **Violation of California Penal Code § 502**

3

4

5

        **9.**  **Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act (California Civil Code §§ 3426 - 3426.11)**

6

7

        **DEMAND FOR JURY TRIAL**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Plaintiff Alatus Aerosystems ("Alatus") hereby brings this complaint for

2   damages and injunctive relief, pursuant to the subject matter jurisdiction of this

3   Court under 28 U.S.C. § 1332, 28 U.S.C. § 1331, and 29 U.S.C. § 1367, against

4   Defendants Mario Velazquez ("Velazquez") and DOES 1 through 50, inclusive,

5   collectively referred to as "Defendants", and alleges the following:

6   **<u>INTRODUCTION</u>**

7   This is a case about theft of an employer's most important, and protected,

8   trade secrets.  Velazquez stole at least ten key documents from Alatus at the end of

9   his employment, when he still had access to confidential information and the trust

10   of Alatus.  He emailed these documents to himself, so he could access them when

11   he departed and began his new employment.  When Alatus discovered this theft, it

12   immediately contacted Velazquez to return this information.  Velazquez returned

13   approximately eight documents.  Alatus noted this discrepancy and again asked

14   Velazquez to return all Alatus documents he had in his possession.  Velazquez

15   again claimed he had returned all documents, which was plainly untrue.  This left

16   Alatus with no choice but to bring this action to recover the Alatus documents that

17   he continues to possess and use to the detriment of Alatus.

18   These actions unjustly enriched Velazquez who is striving to evade the cost,

19   time, and risk of building a competing business from scratch and/or consulting with

20   competitors of Alatus.  In doing so,  Velazquez breached his fiduciary duties, stole

21   Alatus' trade secrets, and accessed Alatus' secured computer systems without

22   permission.

23   Velazquez's unlawful actions, all of which were undertaken with malicious

24   intent, far exceed the norms of fair competition.  These transgressions, if left

25   unchecked, would not only irreparably damage Alatus, but would also undermine

26   basic principles of fairness upon which businesses, employees, and consumers

27   operate and rely.

28

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under federal statutes, including the Computer Fraud and Abuse Act, 18 U.S.C § 1030, and the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*  The Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367 as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2.     This Court has personal jurisdiction over Velazquez because, on information and belief, this lawsuit arises out of Velazquez's purposeful and unlawful conduct occurring within the State of California and in this District.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims raised in this lawsuit occurred in this district.  Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## THE PARTIES

4.     Plaintiff Alatus is, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California, and having a principal place of business at 17055 East Gale Ave., City of Industry, California, 91745.

5.     Defendant Velazquez is, and at all times relevant herein was, a U.S. citizen domiciled in California.  Defendant Velazquez was employed by Alatus for approximately five years, and was most employed as a program manager. Defendant Velazquez would regularly work out of the Brea location in Orange County, as well as Alatus' Walnut location located in Los Angeles County. Defendant Velazquez was terminated from Alatus on or around February 19, 2019 when his position was eliminated, and on information and belief, he is currently operating his own aerospace consulting firm known as Aero Management Solutions, which he formed on June 13, 2019.

6.     Alatus does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Alatus prays for leave to amend this complaint when true names and capacities are known.  Alatus is informed and believes and based thereon alleges that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Alatus and members of the general public to be subject to the illegal actions, wrongs, and injuries complained of herein.

7.     Upon information and belief, each of the Defendants was the agent, principal, employee, representative, or alter ego of the other Defendants and/or acted with one or more of the other Defendants' knowledge, consent and approval, and acted within the course and scope of their agency or representative capacity. As such, each of the Defendants is responsible for the actions of the other Defendants, as alleged herein.

8.     Upon information and belief, at all times pertinent hereto, each of the Defendants was an aider, abettor, or co-conspirator of each of the other Defendants. Each of the Defendants acted within the course and scope of such conspiracy or in the course and scope of a common plan and scheme described below; and each of the Defendants was in some manner responsible for the acts and omissions alleged in these causes of action.  Upon information and belief, each of the Defendants has ratified and/or approved each of the acts and omissions of each of the other Defendants.

9.     Upon information and belief, in taking the actions described in this complaint, Defendants acted intentionally, in concert, and pursuant to an agreement between and among them, the purpose of which was to obtain and convert trade secret, confidential, and proprietary information, documents, data, work product, business opportunities, and other property belonging to Alatus, to use such property for their own benefit and for their own competitive business advantage, and to

1  deprive Alatus of the use of such property in its business.  Upon information and

2  belief, each of these Defendants knew of and agreed to both the objective and

3  course of action to deprive Alatus of such property and to cause competitive injury

4  to Alatus' business.  The wrongful acts and damage caused to Alatus as a result of

5  Defendants' conspiracy are set forth in detail below.

6  ## FACTUAL BACKGROUND

7  ### *Alatus' Business*

8      10.    Plaintiff Alatus is a longstanding California business that assembles,

9  manufactures, and supplies parts and products for use in the aerospace and defense

10  industries.  With more than 50-years of experience serving clients across the state

11  and nation, Alatus has earned a reputation as a leading provider of aviation

12  components and systems.  Alatus has four locations in Southern California

13  including the City of Industry, Chatsworth, Walnut, and Brea.

14      11.    Alatus specializes in manufacturing wings, landing gear, and engine

15  pylons for commercial clients.  Alatus' reputation has also attracted numerous

16  defense contractors and the United States Government.  Alatus assembles and

17  supplies key military products, including aviation and artillery systems used by the

18  nation's armed services.

19      12.    As a defense contractor, Alatus is subject to the International Traffic in

20  Arms Regulations ("ITAR").  ITAR controls the manufacture, sale, and distribution

21  of defense-related products, services, and information.  Alatus invests great

22  resources to maintain compliance with ITAR and ensure all information entrusted

23  to Alatus by its partners and customers is kept in strict confidence.

24      13.    In part because of the sensitive nature of its work, Alatus has

25  substantial security protocols in place regarding its confidential information.  This

26  includes specific training provided to employees regarding, among other things,

27  compliance with confidentiality obligations, compliance with export controls, and

28  compliance with internal business conduct rules.  Individuals who access the Alatus

DLA PIPER LLP (US)
LOS ANGELES

-4-
COMPLAINT FOR DAMAGES

computer system must utilize their own specific username and password, and there are restrictions on who can access certain levels of information within the organization.  Individuals who sometimes work outside of the office are given an Alatus computer to use to access the Alatus computer system through a secure VPN connection.  Individuals who depart Alatus take part in an exit interview to confirm that they (1) are aware of their ongoing confidentiality obligations, and (2) are not in possession of any Alatus property.

### *Defendant's Employment with Alatus and Subsequent Termination*

14.    Defendant Mario Velazquez is Alatus' former program manager.  As part of his duties, Defendant Velazquez was responsible for interfacing between the Alatus production department and Alatus customers to facilitate customer orders and ensure timely delivery of parts and products.

15.    Mr. Velazquez was originally hired by Triumph Structures – Los Angeles, Inc. ("TSLA") on or around June 9, 2014.  He subsequently became an employee of Alatus on August 22, 2018 when Aerospace Systems and Structures, LLC acquired 100% of the issued and outstanding stock of TSLA and  on August 23, 2018, changed the name of TSLA to Alatus.  Mr. Velazquez worked primarily in the Brea and Walnut offices for Alatus.

16.    As a condition of his employment with Alatus (and previously TSLA), Defendant Velazquez entered into an employment agreement effective June 9, 2014.  This was later supplemented by an additional mutual confidentiality agreement executed on June 16, 2016. He was specifically trained on the proper handling of confidential and proprietary information including 42 C.F.R., and on export controls (ITAR).

17.    On or about February 20, 2019,  Alatus terminated Defendant's employment when his position was eliminated.

**<u>Defendant's Departure and Misappropriation of Alatus' Trade Secrets</u>**

18.     Upon information and belief, Defendant Velazquez's unlawful taking of Alatus' trade secrets was driven by his individual desire to depart Alatus and start a competing business with a former Alatus executive, Richard Oak.  Alatus terminated Mr. Oak's employment in early February 2019 due to poor performance. Defendant Velazquez and Mr. Oak were close associates prior to their termination, and upon information and belief, are currently working on a joint business venture competitive with Alatus' business.

19.     After the termination of Defendant Velazquez's employment, Alatus engaged counsel to investigate whether Defendant Velazquez complied with his employment obligations leading up to his exit from the company.  As part of the investigation, Alatus' counsel conducted a forensic examination of Velazquez's company account.  This led to the discovery that Defendant Velazquez had purposely emailed at least ten sensitive company documents containing Alatus' trade secrets to his personal email address mere days before his termination.

20.     Alatus subsequently demanded the return of these confidential documents in August and September 2019.  In response, Defendant Velazquez returned approximately eight documents, claiming he had returned all of Alatus' proprietary information in his possession.  Velazquez's statements were plainly misleading given Alatus identified at least two highly sensitive documents still missing from his production.

21.     These documents contain Alatus' most coveted trade secrets, such as Alatus' entire pricing lists, containing a complete compilation of its customers, a list of the parts and products ordered by those customers, and Alatus' competitive pricing for those orders, and the materials required to build the products.  These documents further contain confidential and proprietary information relating to each machining asset, including its operating system, and capacity. These documents are among Alatus' most important trade secrets.

22.     Alatus has taken great steps to guard its trade secrets from misuse. Alatus requires all employees to sign confidentiality agreements, and limits access to these documents on a need-to-know basis for a select group of Alatus executives and managers—which included Defendant Velazquez.

23.     Alatus' security procedures are also heightened pursuant to ITAR. Alatus ensures all employees with access to Alatus' confidential information are U.S. citizens, and further restricts access to all of its facilities using a visual compliance system requiring photographic identification of all visitors and restricting access to unauthorized individuals. Anyone at Alatus needing to access its systems must do so using their individual username and password.  Any employee who works from home is given a company-issued laptop so they can access the Alatus network using a secure VPN network, and any work they do can be saved on a company (versus personal) computer.

24.     Alatus brings this action to recover its sensitive trade secrets from Defendant Velazquez and all those in concert with him.  Upon information and belief, Defendant Velazquez and his conspirators are using Alatus' trade secrets to form a competitive venture.  These trade secrets are the product of more than 50-years of hard earned labor.

25.     As a direct and proximate result of Defendants' wrongful conduct, Alatus has suffered extensive damages in an amount to be proven at trial.  Such damages include the expenses associated with investigating Defendants' wrongful conduct, lost business opportunities and profits, and disclosure of this sensitive information to third parties, including Defendant's Velazquez's new company which is in competition with Alatus.  Alatus also seeks recovery for lost business goodwill as a result of Defendant's misappropriation of Alatus' confidential information.

26.     Alatus also demands specific performance requiring Defendants to immediately return Alatus' trade secrets and any other proprietary information in Defendants' possession, custody, and control.

27.     Alatus further demands the right to inspect Defendant Velazquez's personal computer and cloud based personal accounts to determine who he has shared that that trade secret information and any other proprietary information with.

28.     Defendants have also greatly and unjustly enriched themselves using these trade secrets at Alatus' expense.

### FIRST CAUSE OF ACTION
**Misappropriation of Trade Secrets under the
Defend Trade Secrets Act (18 U.S.C. §1836 *et seq.*)
(Against All Defendants)**

29.     Alatus incorporates the preceding allegations as if fully set forth herein.

30.     Alatus has developed and marketed an extremely successful aerospace and defense manufacturing business serving numerous customers for private and defense related purposes that is highly dependent upon maintaining the secrecy of its trade secrets and other confidential and propriety information.

31.     As a result of Defendant Velazquez's employment with Alatus and entrusted positions as part of Alatus' management team, Velazquez came into possession of information that Alatus considered to be confidential and propriety and trade secret information having independent economic value and not generally known or readily available to the public, including Alatus' competitors and customers.  Alatus expended substantial time, energy, money and ingenuity in compiling this information based on its own efforts and communications with clients, prospective clients, and others.

32.     The confidential, proprietary, and trade secret information to which Velazquez had access and of which he came into possession includes but is not limited to: Alatus' customer pricing and order lists and manufacturing blueprints.

Alatus granted Defendant Velazquez with access to Alatus' confidential information solely for the purpose of fulfilling his responsibilities to Alatus.

33.　Alatus made reasonable efforts to ensure that the confidential and proprietary information remained secret by, among other things, disclosing it only to those individuals who needed the information to perform their duties, making known to these individuals the fact that information was to be kept confidential, maintaining reasonable security in and around its places of business, and requiring individuals, such as the Velazquez, to agree to keep its confidence including by executing written agreements affirming their obligation to keep such information confidential.

34.　Alatus' confidential information constitutes protectable trade secrets under the federal Defend Trade Secrets Act, codified at 18 U.S.C. §1836 *et seq.* ("DTSA").

35.　Alatus is informed and believes, and thereon alleges, that the Defendants violated the DTSA by misappropriating the trade secrets embodied in Alatus' confidential information in a willful manner and with the deliberate intent to injure Alatus' business, and to improve Defendants' own business and for their own financial gain–including, without limitation and as further set forth above, by (1) ratifying and/or knowingly benefiting from the downloading of trade secret information from Alatus' computer servers and transferring that information to personal computers and/or to the Defendants' computers; (2) disclosing to Alatus' competitors confidential and trade secret information pertaining to Alatus' finances, client revenues, and expectations for future revenue; (3) disclosing Alatus confidential pricing information and renewal data pertaining to Alatus customers and suppliers; (4) using Alatus trade secrets pertaining to their clients and pricing structures to unlawfully solicit Alatus customers to transfer their business to Alatus competitors; (5) using Alatus' trade secrets for their own benefit and that of Alatus'

competitors; and (6) removing hard copy documents and deleting electronic documents containing Alatus confidential information and trade secrets.

36.     As a proximate result of the misappropriation of Alatus' trade secrets, Alatus has suffered, and will continue to suffer, actual damages, and Defendants will be unjustly enriched, in sums to be proven at trial.  Alatus has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

37.     Under the DTSA, Alatus is entitled to recover its reasonable attorneys' fees as a result of the Defendants' willful and malicious misappropriation.

38.     The misappropriation and wrongful acts of Defendants were intentional, malicious, and in bad faith and have subjected and will continue to subject Alatus to cruel and unjust hardship in conscious disregard of Alatus' rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

**SECOND CAUSE OF ACTION**
**Computer Fraud and Abuse Act (18 U.S.C. § 1030)**
**(Against Velazquez)**

39.     Alatus incorporates the preceding allegations as if fully set forth herein.

40.     At all relevant times herein, Alatus' computer system or systems constituted a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2), in that they were used in or affecting interstate or foreign commerce or communication.

41.     At all relevant times herein, Alatus maintained a policy, which prohibits, among other things, accessing data, a server, a network or an account for any purpose other than conducting approved Alatus business; revealing Alatus system passwords to others or allowing use of the individual's account by others; circumventing user authentication or security; providing information about, or lists of, Alatus users to parties outside Alatus; effecting security breaches or disruptions

of Alatus system resources, including but not limited to accessing data of which the individual is not an intended recipient or logging into a server or account that the individual is not expressly authorized to access.

42.     Velazquez violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, ("CFAA") by intentionally accessing a computer used for interstate commerce or communication without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a computer, including but not limited to, (1) accessing Alatus' electronic devices and other devices containing Alatus information or access thereto, including without limitation the tablets, computers, and smart phones of Velazquez, (2) accessing Alatus' electronic systems and the information contained therein, including without limitation its Trade Secrets, and (3) accessing Alatus' internet/intranet/extranet-related systems, including without limitation computer equipment, laptops, tablets, cellphones, software, operating systems, storage media, network accounts, email, web browsing, file transfer mechanisms, and the information transacted and/or created using them, among other acts upon information and belief.  Alatus has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

43.     As a proximate result of Velazquez's conduct, Alatus has suffered, and will continue to suffer, actual damages, and Velazquez will be unjustly enriched, in amounts to be proven at trial.

44.     The acts of Velazquez was intentional, malicious, and in bad faith and have subjected and will continue to subject Alatus to cruel and unjust hardship in conscious disregard of Alatus' rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

### THIRD CAUSE OF ACTION
**Breach of Fiduciary Duty of Loyalty**
**(Against Velazquez)**

45.     Alatus incorporates all the preceding allegations as if fully set forth herein.

46.     At all times pertinent hereto, Velazquez was a senior employee of Alatus, highly valued, highly compensated, and entrusted by Alatus with access to its most important confidential information.  As a result, Velazquez owed Alatus a fiduciary duty which required him to, *inter alia*, devote all of his time and attention during business hours to the business of Alatus, to refrain from engaging in a business or business activity which competed with Alatus, and to refrain from conducting activities in any manner inimical to Alatus' best interests.

47.     Velazquez breached his fiduciary duties to Alatus by engaging in the wrongful conduct alleged herein while still employed with Alatus, including but not limited to: (1) planning and conspiring to steal Alatus trade secrets and confidential information; (2) upon information and belief, soliciting Alatus clients to divert their business away from Alatus with malicious intent to drive Alatus out of business; (3) providing non-Alatus employees with unauthorized access to Alatus' electronic devices and systems, and Alatus' information contained therein; and (4) intentionally damaging Alatus' property, including without limitation its electronic devices such as cellular phones.  Velazquez's wrongful conduct alleged herein occurred at a time when he continued to owe fiduciary duties to Alatus. Velazquez utilized Alatus' time, facilities and resources to engage in this wrongful conduct.

48.     As a direct and proximate result of those breaches, Alatus has sustained and will incur further damages, including but not limited to damages reflecting lost business, lost profits, damage to its goodwill, costs of hiring and retaining former and new employees, and costs to bring employees from other offices to service the business, as well as the salary and other compensation paid to

1   Velazquez during any period of their breaches, in amounts to be proven at trial.

2   Alatus has also suffered and will continue to suffer immediate and irreparable harm,

3   and will continue to suffer such injury until the breaches are preliminarily and

4   permanently enjoined.

5        49.    The aforementioned wrongful conduct was intentional, malicious, and

6   in bad faith and has subjected and will continue to subject Alatus to cruel and

7   unjust hardship in conscious disregard of its rights, so as to justify an award of

8   exemplary and punitive damages according to proof at trial.

9

**FOURTH CAUSE OF ACTION**
**Breach of Contract - Confidentiality**

10

**(Against Velazquez)**

11        50.    Alatus incorporates the preceding allegations as if fully set forth

12   herein.

13        51.    Velazquez entered into written confidentiality agreements (the

14   "Agreements") with Alatus that contain valid and enforceable confidentiality

15   provisions.

16        52.    Pursuant to the Agreements, Velazquez agreed to maintain and

17   preserve the confidentiality of Alatus' trade secret and confidential information, and

18   to not directly or indirectly use, sell, show, divulge, or provide such information to

19   others not employed by Alatus or authorized by Alatus to receive such information.

20   Velazquez further agreed to not use such information for his benefit (or the benefit

21   of any third party), or to the detriment of Alatus or its customers.

22        53.    Alatus has performed all duties and obligations under the Agreements,

23   except as to those duties and obligations which it could not perform due to the acts

24   or omissions of Defendant Velazquez.

25        54.    By committing the above-described acts, Velazquez breached his

26   obligations under the Agreements. These breaches include, without limitation,

27   acting against the interests of Alatus while employed by Alatus, violating the

28   exclusivity provisions by working against the interests of Alatus, and using Alatus

1  trade secrets and other confidential and proprietary information belonging to Alatus

2  for his own benefit or on behalf of Alatus' competitors and/or by providing such

3  confidential and proprietary information to Alatus' competitors.

4       55.    As a direct and proximate result of those breaches, Alatus has

5  sustained and will incur further damages, including but not limited to damages

6  reflecting lost business, lost profits, damage to its goodwill, costs of hiring and

7  retaining former and new employees, and costs to bring employees from other

8  offices to service the business, in amounts to be proven at trial.  Alatus has also

9  suffered and will continue to suffer immediate and irreparable harm, and will

10  continue to suffer such injury until the breaches are preliminarily and permanently

11  enjoined.

12  **FIFTH CAUSE OF ACTION**
**Failure to Use Ordinary Care and Diligence under Labor Code § 2854**
13  **(Against Velazquez)**

14       56.    Alatus incorporates the preceding allegations as if fully set forth

15  herein.

16       57.    Pursuant to California Labor Code Section 2854, an employee is

17  required to use ordinary care and diligence throughout the course of employment.

18       58.    As an Alatus employee, Velazquez had a duty to use ordinary care and

19  diligence in connection with his employment.

20       59.    By deliberately engaging in the conduct set forth above, Velazquez

21  breached his duty to use ordinary care and diligence as an employee of Alatus, in

22  violation of California Labor Code Section 2854.

23       60.    As a direct and proximate result of Velazquez's breach of his duty to

24  use ordinary care and diligence, he has been unjustly enriched and Alatus has been

25  damaged in amounts to be proven at trial.  Alatus has also suffered and will

26  continue to suffer immediate and irreparable harm, and will continue to suffer such

27  injury until the breaches are preliminarily and permanently enjoined.

28

DLA PIPER LLP (US)
LOS ANGELES

COMPLAINT FOR DAMAGES

### SIXTH CAUSE OF ACTION
**Failure to Comply with Employer's Directions under Labor Code § 2856**
**(Against Velazquez)**

61.     Alatus incorporates the preceding allegations as if fully set forth herein.

62.     Pursuant to California Labor Code Section 2856, an employee shall substantially comply with all the directions of his employer concerning the service on which he is engaged, except where such obedience is impossible or unlawful, or would impose new or unrealistic burdens upon the employee.

63.     As employees of Alatus, Velazquez was obligated to comply with Alatus' directives including acting in its best interests.  Complying with Alatus' directives was neither impossible nor unlawful and did not impose any unrealistic burdens upon Velazquez.  To the contrary, the realistic expectations for Velazquez was for his to act in Alatus' best interests at all times.

64.     By deliberately engaging in the conduct set forth above, Velazquez breached his obligation to comply with Alatus' directives and instead acted contrary to Alatus' best interests.

65.     As a direct and proximate result of Velazquez's breach of this duty, he has been unjustly enriched.  The exact amount of this unjust enrichment will be proven at trial.  Alatus has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

### SEVENTH CAUSE OF ACTION
**Failure to Give Preference to Performance of Employer's Business under**
**Labor Code § 2863**
**(Against Velazquez)**

66.     Alatus incorporates the preceding allegations as if fully set forth herein.

67.     Pursuant to Labor Code Section 2863, an employee who has any business to transact on his own account, similar to that entrusted to him by his employer, shall always give the preference to the business of the employer.

68.     As set forth in detail above, Velazquez, on several occasions, engaged in conduct that was designed to benefit him personally to the detriment of Alatus.

69.     Velazquez, by devoting his time and energy to helping himself, violated Labor Code Section 2863.

70.     As a direct and proximate result of Velazquez's violation of Labor Code Section 2863, he was unjustly enriched in amounts to be proven at trial. Alatus has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

**EIGHTH CAUSE OF ACTION**
**Violation of California Penal Code § 502**
**(Against Defendant Velazquez)**

71.     Alatus incorporates the preceding allegations as if fully set forth herein.

72.     California Penal Code Section 502 provides for the imposition of criminal fines and/or imprisonment against any person who commits, among other things, the following acts:

(a)     "[k]nowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any data, computer, computer system or computer network in order to (A) devise or execute any scheme or artifice to defraud, deceive or extort, or (B) wrongfully control or obtain money, property or data"; or

(b)     "[k]nowingly accesses and without permission takes, copies, or makes use of any data from a computer, computer system, or computer network, or takes or copies any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network"; or

(c) "[k]nowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation" of Section 502; or

(d) "[k]nowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."

Cal. Penal Code § 502 (a)-(d).

73. In addition to imposing criminal penalties, Section 502(e)(1) permits the "owner or lessee of the computer, computer system, computer network, computer program, or data who suffers damage or loss" by reason of any violation of Section 502 to bring a civil action for compensatory damages, injunctive relief or other equitable relief. Section 502(e)(2) further permits the Court in such a civil action to award reasonable attorneys' fees.

74. At all times relevant herein, Alatus owned the computers, computer systems, computer network and data now at issue.

75. Prior to Velazquez's termination from Alatus, Velazquez knowingly and unlawfully accessed, or caused to be accessed, computers, computer systems, the computer network, and data owned by Alatus, and thereby took, copied or otherwise unlawfully used Alatus' valuable trade secret and confidential data contained in said computers, computer systems or computer networks. Velazquez did so knowingly, without Alatus' permission, and with the intent to, among other things: (i) wrongfully control or obtain data; and (ii) wrongfully copy and use the computer data for the benefit of himself.

76. Velazquez's unauthorized access to Alatus' computer systems and data was not carried out within the course and scope of his employment with Alatus, and Velazquez was not accessing the electronic files in order to perform acts that were reasonably necessary to his performance of his work assignments for Alatus.

77. Velazquez did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above alleged agreement.

78.     Alatus has been damaged as a result of Velazquez's violations of Section 502, in an amount to be proven at trial.

79.     Velazquez has been unjustly enriched as a result of his violations of Section 502, in an amount to be proven at trial.

80.     Under Penal Code Section 502, Alatus is entitled to an award damages against Velazquez for injuries suffered to date by Velazquez's unlawful access as well as equitable relief or restitution for unjust enrichment by Defendants.

81.     Velazquez's conduct was willful and malicious, performed with the intent to do harm.  Therefore, under Penal Code Section 502(e)(4), Alatus is entitled to an award of punitive and exemplary damages.

82.     In addition, under Penal Code Section 502(e)(2), Alatus is entitled to an award of its reasonable attorneys' fees and costs incurred in pursuing this cause of action against Defendants.

**NINTH CAUSE OF ACTION**
**Misappropriation of Trade Secrets under the**
**California Uniform Trade Secrets Act (California Civil Code §§ 3426 -3426.11)**
**(Against All Defendants)**

83.     Alatus incorporates the preceding allegations as if fully set forth herein.

84.     Alatus has developed and marketed an extremely successful aerospace and defense manufacturing business serving numerous customers for private and defense related purposes that is highly dependent upon maintaining the secrecy of its trade secrets and other confidential and propriety information.

85.     As a result of Velazquez's employment with Alatus and entrusted positions as part of Alatus' management team, Velazquez came into possession of information that Alatus considered to be confidential and propriety and trade secret information having independent economic value and not generally known or readily available to the public, including Alatus' competitors.  Alatus expended substantial

1    time, energy, money and ingenuity in compiling this information based on its own

2    efforts and communications with clients, prospective clients, and others.

3        86.    The confidential, proprietary and trade secret information to which

4    Velazquez had access and of which Defendants came into possession includes but

5    is not limited to: Alatus' customer pricing and order lists and manufacturing

6    blueprints.  Alatus granted Defendant Velazquez with access to Alatus' confidential

7    information solely for the purpose of fulfilling his responsibilities to Alatus.

8        87.    Alatus made reasonable efforts to ensure that the confidential and

9    proprietary information remained secret by, among other things, disclosing it only

10   to those individuals who needed the information to perform their duties, making

11   known to these individuals the fact that information was to be kept confidential,

12   maintaining reasonable security in and around its places of business, and requiring

13   individuals, such as Defendant Velazquez, to agree to keep its confidence including

14   by executing written agreements affirming their obligation to keep such information

15   confidential.

16       88.    Alatus' confidential information constitutes protectable trade secrets

17   under the California Uniform Trade Secrets Act, codified at California Civil Code

18   sections 3426 through 3426.11 ("CUTSA").

19       89.    Alatus is informed and believes, and thereon alleges, that Defendants

20   have violated the CUTSA by misappropriating the trade secrets embodied in Alatus

21   confidential information in a willful manner and with the deliberate intent to injure

22   Alatus' business and to improve their own business and for their own financial gain

23   – including, without limitation and as further set forth above, by (1) knowingly

24   benefiting from the downloading of trade secret information from Alatus' computer

25   servers and transferring that information to personal computers; (2) disclosing to

26   Alatus' competitors confidential and trade secret information pertaining to Alatus'

27   finances, client revenues, and expectations for future revenue; (3) disclosing to

28   Alatus confidential pricing information and renewal data pertaining to Alatus

clients; (4) using Alatus trade secrets pertaining to its clients and pricing structures to unlawfully solicit Alatus clients to transfer to the business to Alatus' competitors; (5) using Alatus' trade secrets for their own benefit and that of Alatus' competitors; and (6) removing hard copy documents and deleting electronic documents containing Alatus confidential and trade secret information.

90. As a proximate result of the misappropriation of Alatus trade secrets, Alatus has suffered, and will continue to suffer, actual damages, and Defendants will be unjustly enriched, in sums to be proven at trial. Alatus has also suffered and will continue to suffer immediate and irreparable harm, and will continue to suffer such injury until the breaches are preliminarily and permanently enjoined.

91. Under the CUTSA, Alatus is entitled to recover its reasonable attorneys' fees as a result of Defendants' willful and malicious misappropriation.

92. The misappropriation and wrongful acts of Defendants were intentional, malicious, and in bad faith and have subjected and will continue to subject Alatus to cruel and unjust hardship in conscious disregard of Alatus' rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Alatus prays for judgment and relief against Defendants as follows:

1. For judgment in favor of Alatus and against Defendants on all causes of action in the Complaint;

2. For an Order directing Defendants to return all of Alatus' information and property in their possession, custody, or control;

3. For Orders temporarily, preliminary, and permanently enjoining Defendants and all persons or entities acting in concert with them, from directly or indirectly:

(a)   obtaining, using, or disclosing any of the trade secrets and/or any confidential and proprietary information belonging to Alatus for any purpose whatsoever;

(b)   accessing, retrieving, copying, deleting, destroying, altering, or disseminating any hard or electronic copies of documents containing Alatus' trade secrets and/or confidential and proprietary information; and

(c)   using, on their own behalf or on behalf of Defendants, or providing Defendants' or their employees, or any other third party, with Alatus client-specific or employee-specific information, not independently readily available to Defendants' personnel, in order to enable them to solicit Alatus' clients, or potential clients, including but not limited to any information downloaded from Alatus' computers and subsequently uploaded to Defendants' computers.

4.   For an order to inspect Defendants personal and/or business computer systems to determine where and to whom Alatus' trade secrets and proprietary information has been disseminated.

5.   For three times the amount of actual damages, including lost profits, according to proof, as set forth herein, in an amount in excess of the jurisdictional requirements;

6.   For restitution and disgorgement of all ill-gotten gains as set forth herein, in an amount to be proven at trial, but at least in excess of the jurisdictional requirements;

7.   For punitive and exemplary damages, according to proof at trial, for all causes of action for which such damages are authorized;

8.   For reasonable attorneys' fees and costs incurred herein as allowed by law and pursuant to the Agreement;

1    9.    For prejudgment and post-judgment interest at the maximum legal

2  rate, as provided by California law, as applicable, as an element of damages which

3  Plaintiffs have suffered as a result of Defendants' wrongful and unlawful acts; and

4    10.    For any other and further relief that the Court may deem just and

5  proper.

6                          **JURY DEMAND**

7    Plaintiff demands a trial by jury.

8  Dated:  September 30, 2019        **DLA PIPER LLP (US)**

9

10                    By: /s/ Benjamin M. Gipson

11                          BENJAMIN M. GIPSON
                            HECTOR E. COREA

12                          Attorneys for Plaintiff
                            ALATUS AEROSYSTEMS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28