| | |
|---|---|
| 1 | Benjamin M. Gipson (CA SBN: 222830) |
| 2 | ben.gipson@us.dlapiper.com<br>Hector E. Corea (CA SBN: 318971) |
| 3 | hector.corea@us.dlapiper.com<br>**DLA PIPER LLP** |
| 4 | 2000 Avenue of the Stars, Suite 400 North Tower<br>Los Angeles, California 90067-4704 |
| 5 | Tel: 310.595.3022<br>Fax: 310.595.3300 |
| 6 | Attorneys for Plaintiff |
| 7 | ALATUS AEROSYSTEMS |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALATUS AEROSYSTEMS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MARIO VELAZQUEZ, an individual, and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO. 19-cv-1869<br><br>**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date: To Be Determined<br>Time: To Be Determined<br>Courtroom: To Be Determined<br>Judge: To Be Determined |

Plaintiff Alatus Aerosystems ("Alatus") hereby applies for a temporary restraining order, and an order to show cause why a preliminary injunction should not issue against Defendant Mario Velazquez to ensure that Defendant does not misuse or disclose Alatus' trade secrets during the pendency of this action.

Alatus specifically requests an order restraining and enjoining Velazquez and all those in active concert or participation with him from using, disclosing, or sharing Alatus' confidential and proprietary information which includes sensitive customer pricing and product specifications documents. These customer pricing and product documents contain highly confidential information concerning Plaintiff's clients, including the specific aerospace products and parts ordered by clients, related pricing data, material specifications and quantities. Defendant also took confidential and proprietary information relating to each machining asset, including its operating system, and capacity. Such information risks irreparable harm to Alatus given Defendants may use these trade secrets to gain an irreversible and unfair competitive advantage.

Alatus further requests an order for expedited discovery in this action. Alatus seeks the timely deposition of Defendant Velazquez. Alatus also seeks to propound discovery requests to identify all of Alatus' information in Velazquez's possession, custody, and control, and any third parties in communication with Velazquez to whom he may have transferred and/or shared the confidential information. Finally, Alatus will propound a request to inspect Defendant's computer devices. Such inspection will be conducted by a third-party neutral that can confirm Alatus' confidential information is secure and was not transmitted to any unidentified devices. This discovery is narrowly tailored to Alatus' claims and poses a *de minimis* burden on Defendant since Alatus would ordinarily seek this discovery in the course of the case.

//

//

This Application is made on the following grounds:

1. Alatus has a substantial likelihood of success on the merits of its claims against Defendant Velazquez for trade secret misappropriation and breach of contract based on Defendant's wrongful retention of Alatus' trade secrets after the termination of Defendant's employment.

2. Alatus will suffer irreparable injury in the absence of a TRO because Defendant's use of Alatus' trade secrets risks irreparable competitive harm.

3. The balance of hardships weighs decidedly in Alatus' favor, as it could lose its competitive position, lose goodwill with its business partners, and potentially be subject to sanctions, whereas Defendant would suffer no harm were he to be enjoined from misusing Alatus' trade secrets.

4. The public interest strongly favors the issuance of a TRO in these circumstances, as the public interest favors an injunction against the unfair competition that arises from improper use of a party's confidential information.

5. The aforementioned factors establish good cause for expedited discovery because a preliminary injunction will be pending, Alatus seeks discovery narrowly tailored to protect its trade secrets, and Defendant faces little burden in complying with this discovery since Alatus would ordinarily seek this discovery in the course of the case.

WHEREFORE, Alatus respectfully requests that the Court enter a Temporary Restraining Order, pending hearing on an Order to Show Cause ("OSC") that: (1) enjoins Defendant and all those under his direction or control or in active concert or participation with him, his respective suppliers, vendors, licensors, licensees, successors and assigns and the officers, directors, employees, agents and representatives thereof, from: (a) using, disclosing, or sharing Alatus' customer pricing and product specifications trade secrets with any third parties; and (b) disposing of any computer or electronic devices containing Alatus information until a third party forensic neutral verifies that Alatus' information is no longer in

Defendant's possession, custody, or control; and (2) grants expedited discovery allowing Alatus to: (a) depose Defendant Velazquez at least fourteen days before the OSC hearing; (b) propound requests for production of documents and interrogatories to Defendant concerning the claims at issue, and requiring substantive responses at least fourteen days before the OSC hearing; and (c) propound a request for inspection of Defendant Velazquez's electronic devices to be conducted by a third-party neutral that can confirm Alatus' confidential information is secure and was not transmitted to any unidentified devices.

Alatus first provided notice of this Application to Defendant's counsel via electronic mail on September 23, 2019. (Declaration of Benjamin Gipson in Support of TRO Application, at ¶ 5.) Defendant denies any wrongdoing. (*Id*.) Through counsel Defendant Valazquez provided additional information, and agreed to the inspection of his personal computer in exchange for the global resolution of all disputes between the parties. (*Id*.) The parties were unable to reach agreement on a final document that provided an inspection sufficient for Alatus to verify Defendant Velazquez's representations. (*Id*.) Accordingly, on September 29, Alatus' counsel notified Velazquez's counsel that Alatus would be filing the instant action and would be seeking a temporary restraining order on that date due to the Parties failure to reach a final agreement.

This Application is made pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65-1 and is based on the accompanying Memorandum of Points and Authorities, the declarations of Scott Holland, Adriana Ortiz, and Benjamin Gipson attached hereto, and the accompanying Proposed Order.

| | | |
|---|---|---|
| 1 | Dated: September 29, 2019 | **DLA PIPER LLP (US)** |
| 2 | | |
| 3 | | By: /s/ Benjamin M. Gipson |
| 4 | | BENJAMIN M. GIPSON<br>HECTOR E. COREA |
| 5 | | Attorneys for Plaintiff<br>ALATUS AEROSYSTEMS |